UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE FARKAS,

       Plaintiff,                              Case No. 17-cv-12536

v.                                             Paul D. Borman
                                               United States District Judge

RON BOSCHERT, d/b/a
RON BOSCHERT AGENCY,

       Defendant.
_____/

## OPINION AND ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT (ECF NO. 15)

Plaintiff filed his Complaint in this action on August 4, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA") and breach of contract. (ECF No. 1, Complaint.) Before the Court is a Joint Motion to Approve Settlement and For Entry of Order of Dismissal With Prejudice and Without Attorneys' Fees or Costs. (ECF No. 15.) The parties seek the Court's approval of Plaintiff's FLSA claims and seek an Order of Dismissal With Prejudice of Plaintiff's Complaint. The Court has determined that oral argument is not necessary for proper resolution of this motion and will resolve the matter on the parties' written submissions. E.D. Mich. L. R. 7.1(f)(2).

The Court finds that the proposed settlement agreement, a copy of which is attached to the Joint Motion, accomplishes a fair and reasonable settlement of Plaintiff's bona fide

1

FLSA dispute and GRANTS the joint motion for approval of the settlement agreement.

## I. LEGAL STANDARD

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id*. Thus, "an employee may not waive or otherwise settle a FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Settlements of FLSA claims that are reached in the context of litigation, where "[t]he employees are likely to be represented by an attorney who can protect their rights under the statute," are proper subjects for judicial review and possible approval because they are "more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's*, 679 F.2d at 1354. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back

2

wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (alterations added).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). In determining whether a proposed settlement is fair and reasonable, the court may consider several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). *See also Williams v. Alimar Security, Inc.*, No. 13-cv-12732, 2017 WL 427727, at *2-3 (E.D. Mich. Feb. 1, 2017) (citing *Wolinsky* and analyzing these same factors to conclude that proposed FLSA settlement agreement was fair and reasonable). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400,

at *1 (E.D. Mich. Jan. 12, 2015). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336 (citing 29 U.S.C. § 216(b)).

## II. ANALYSIS

Plaintiff, an insurance agent, alleges in his Complaint that Defendant neglected and/or refused to pay overtime compensation to Plaintiff owed for the period April 25, 2016, to the date of the filing of his Complaint. (Compl. ¶¶ 11-17.) Plaintiff also alleges that when he complained to Defendant about the failure to pay overtime wages, Defendant retaliated against Plaintiff. (*Id.* ¶¶ 18-22.) Plaintiff also asserts that Defendant failed to pay bonuses and commissions in accordance with the parties written and verbal agreements. (*Id.* ¶¶ 32-36.)

The parties have entered into a settlement agreement resolving each of Plaintiff's claims asserted in his Complaint, including Plaintiff's claims under the FLSA. The FLSA requires this Court to "scrutinize the proposed settlement [of the FLSA claim] for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams*, 2016 WL 319596, at *1. Here, the parties represent that they reached this settlement through extensive negotiations between the parties' respective counsel, both of whom were experienced in FLSA issues, and with the assistance of a mutually selected

4

mediator. (Joint Mot. ¶ 4.) The parties and the mediator had access to all of the evidence relating to Plaintiff's and Defendant's best and worst case scenarios regarding Plaintiff's potential to recover overtime pay. (*Id*.) The parties represent that the $15,000.00 settlement, pursuant to which Defendant will pay Plaintiff directly $10,000.00 and will pay Plaintiff's counsel $5,000.00, is a reasonable compromise of the issues actually in dispute. (Joint Mot. Ex. 1, Proposed Settlement Agreement ¶ 4.) Defendant also agrees to pay in full the mediation costs for services provided by the mutually selected mediator. (*Id*.) In exchange, Plaintiff agrees to release *all* claims that exist or might exist against Defendant. (*Id*. ¶ 6.) The parties also request the Court to enter an Order of Dismissal of this action upon the happening of certain events described in paragraphs 3 and 4 of the Settlement Agreement.

The Court finds that there was a bona fide dispute in this case over whether Plaintiff was paid the overtime compensation that he seeks and whether Defendant retaliated against Plaintiff when Plaintiff complained about the failure to pay overtime wages. The parties explored, through the assistance of their experienced FLSA counsel and a neutral mediator, the best and worst case scenarios for each party and arrived at a settlement amount deemed fair by all. The Court finds that the settlement was a fair and reasonable compromise of Plaintiff's bona fide disputed claims that the parties recognize would otherwise require extensive litigation and significant costs.

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's*, 679 F.2d at 1354. The Court also finds that Plaintiff's counsel fee, representing one-third of the total settlement amount, is reasonable for the work performed and the result obtained. *See Williams*, 2016 WL 319596, at *2 (noting that courts in this district have approved FLSA settlements where the attorneys' fees were "slightly greater" than the plaintiff's recovery).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Joint Motion to Approve Settlement. (ECF No. 15.) Although the parties have attached a proposed stipulated order of dismissal to their motion, it appears from the terms of the Settlement Agreement that entry of that order may depend upon the happening of certain events following this Court's entry of this Order approving the settlement of the FLSA claims. The Court will enter a Stipulated Order of Dismissal closing this case when the parties have satisfied themselves of the happening of those events and present the Court with the Stipulated Order of Dismissal through the Court's CM/ECF Utilities

6

function.

IT IS SO ORDERED.

                                                  <u>s/Paul D. Borman</u>
                                                  Paul D. Borman
                                                  United States District Court

Dated: June 25, 2018